# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Patrick F. BROWN, Attorney at Law.

Supreme Court

*No. 85–0056-D. Submitted on briefs October 29, 1986.—Decided December 12, 1986.*

(Also reported in 397 N.W.2d 100.)

1

For the appellant and cross-respondent, Patrick F. Brown, there were briefs by *Clark Dempsey*, Whitewater, and *Patrick F. Brown*, Mukwonago.

For the respondent and cross-appellant, Board of Attorneys Professional Responsibility, there were briefs

by *John C. Mitby, Paul W. Schwarzenbart* and *Brynelson, Herrick, Bucaida, Dorschel & Armstrong*, Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The respondent attorney, Patrick F. Brown, appealed and the Board of Attorneys Professional Responsibility (Board) cross-appealed from the findings, conclusions and recommendation of the referee that Attorney Brown be publicly reprimanded for unprofessional conduct. Attorney Brown appealed from the findings and conclusions that he violated SCR 20.16(2)(d) by refusing to withdraw as counsel upon the request of two clients in two matters and that he charged a clearly excessive fee in one of those matters, in violation of SCR 20.12(1). The Board cross-appealed from the referee's conclusions that Attorney Brown's conduct did not constitute harassment, in violation of SCR 20.36(1)(a), or acting in the presence of a conflict of interest, in violation of SCR 20.28(1) and (4). Both parties appealed from the referee's recommendation for discipline: Attorney Brown contended that the disciplinary complaint should be dismissed; the Board argued that the recommended discipline is insufficient. While we adopt the referee's findings of fact and conclusions of law concerning Attorney Brown's misconduct, we do not accept his recommendation of a public reprimand as appropriate discipline. The seriousness of that misconduct, particularly Attorney Brown's persistent refusal to withdraw from representation upon discharge by his clients and when ordered to do so by the court warrants a 90-day suspension of his license to practice law. In addition, we will require Attorney Brown to pay the costs of this disciplinary proceeding.

4

At the outset, we deny Attorney Brown's motion for oral argument in this appeal and proceed to consider the matter on the basis of the parties' briefs.

Attorney Brown was admitted to practice law in Wisconsin in 1961 and practices in Mukwonago. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable William C. Sachtjen, reserve judge.

The first matter in which Attorney Brown was found to have engaged in misconduct concerns his representation of a client on a personal injury claim. The client retained Attorney Brown on a contingent fee basis in April, 1981, and Attorney Brown commenced an action on the claim. In April, 1983, the client told Attorney Brown that he wanted other counsel to represent him in that action and asked him to voluntarily withdraw as counsel by executing a stipulation for substitution of counsel. Attorney Brown refused.

The client then filed a motion with the court in which the action was pending for permission to discharge Attorney Brown as his attorney. Attorney Brown opposed that motion, claiming the client was not competent to represent himself and was intending to enter into an agreement for representation by another attorney which would be unethical, in that the attorney would agree not to seek reimbursement from the client for the costs and disbursements of the action in the event there were insufficient recovery in the action. Following a hearing, the court found Attorney Brown's objections to be without merit and granted the client's motion to discharge him. The court entered an order directing Attorney Brown to turn over his file to the client and deferred the determination of his fee in the

5

matter until the client's cause of action were ultimately concluded.

Attorney Brown filed an objection to that order, stating that the court had made no mention at the motion hearing of his turning the file over to the client. The court rejected that objection and again ordered Attorney Brown to turn over his file to the client. When Attorney Brown refused to do so, the court issued an order requiring Attorney Brown to show cause why he had not complied with the order. Following a hearing on the order to show cause, Attorney Brown agreed to permit the client to obtain all file materials, some five months after the client had asked him to withdraw.

The referee concluded that Attorney Brown's refusal to voluntarily withdraw upon being discharged by the client and his refusal to comply with the court's orders concerning his discharge constituted a violation of SCR 20.16(2)(d). Attorney Brown argued that this conclusion was erroneous, claiming he had an ethical duty to the court which took precedence over his duty to the client, namely, to alert the court to the fact that, in the event he were substituted, his client would be entering into an unethical fee agreement. He further argued that he had a duty not to abet the unethical conduct he alleged would result from being substituted.

The Board contended that Attorney Brown's motivation for refusing to withdraw was purely pecuniary—that his purpose was to protect his fees for services rendered to the client. The Board pointed out that Attorney Brown subsequently moved to intervene as a plaintiff in the personal injury action after successor counsel had replaced him and the motion was denied.

As did the circuit court in the personal injury action and the referee in this proceeding, we find Attorney Brown's arguments to be without merit. Contrary to the clear requirement that an attorney withdraw from employment when discharged by his client, SCR 20.16(2), Attorney Brown responded to his client's request for withdrawal with a letter stating there would be no substitution of attorneys in the case. His subsequent resistance to orders of the court discharging him was not justified by his unsubstantiated allegations that the client intended to enter into an unethical fee agreement with successor counsel.

The second matter in which Attorney Brown was found to have engaged in unprofessional conduct concerns his representation of the Town of Genesee. In February, 1982 the board of supervisors of the Town retained Attorney Brown as special counsel to take appropriate action to obtain reimbursement from the chairman of the board, John Kamps, in his individual capacity as a landowner and general partner in a development company, for engineering services the Town provided to Mr. Kamps in connection with a certified survey map and a subdivision plat. Prior to commencing two circuit court actions to collect the engineering fees, Attorney Brown wrote to Mr. Kamps, stating that he was instructing the Town board to consult with him before providing any further municipal services to Mr. Kamps in connection with the certified survey and the proposed subdivision. Attorney Brown then served notices of intent to claim liens with respect to the certified survey map and subdivision plat property for engineering services that had been performed more than two years earlier.

Prior to being retained by the board, Attorney Brown had been advised by a former law partner that his representation of the Town with respect to the collection of engineering fees might involve a conflict of interest because the former partner, while in practice with Attorney Brown, had represented an individual having a substantially similar controversy with the Town concerning the responsibility of a property owner for the cost of engineering services provided by the Town in evaluating a certified survey map. The former partner had concluded and advised his client that the Town had no authority to hold a property owner liable for those services.

While representing the Town in the collection of the engineering fees from Mr. Kamps, Attorney Brown undertook the representation of the Town clerk in her individual capacity and as a private citizen as petitioner in a proceeding seeking the removal of Mr. Kamps as Town chairman. Attorney Brown had previously discussed the matter of Mr. Kamp's removal with the Town board, urging the members to commence a removal proceeding, but the board postponed any action on the matter. Attorney Brown did not subsequently inform the board of his intention to commence a removal proceeding on behalf of the clerk, nor did he obtain the board's consent to do so. Further, Attorney Brown did not advise the board that he intended to seek reimbursement from the Town for the clerk's attorney fees in the removal proceeding.

In August, 1982, the board passed a resolution dismissing Attorney Brown as special counsel in the Kamps collection matter and directed the Town's counsel to appear and settle the matter by accepting a compromise previously offered by Mr. Kamps. Attorney

8

Brown refused to execute a stipulation for substitution of counsel in the collection actions he had commenced, objecting on the grounds that the Town's attorney had a conflict of interest in the matter and contending that the court should retain jurisdiction in those actions with respect to the issue of his attorney fees. The court ordered Attorney Brown's withdrawal from the actions, based upon his having been discharged by his client, and in one of those orders, the court held that the issue of Attorney Brown's attorney fees did not provide a basis for retaining jurisdiction.

For his services in the collection matters, Attorney Brown had billed the Town approximately $9,500, of which the Town paid only $3,500. Included in Attorney Brown's billings were separately stated charges for secretarial and legal assistant services. Attorney Brown subsequently filed a notice of injury and notice of claim against the board for alleged breach of attorney contract, seeking to recover that portion of his fees in the collection matter that remained unpaid. When his claim was denied, Attorney Brown brought an action demanding, in addition to his unpaid fees, punitive damages in the amount of $100,000.

With respect to Attorney Brown's conduct in this matter, the referee concluded that the failure to timely withdraw from employment as special counsel in the collection actions after being discharged by the board violated SCR 20.16(2)(d) and that his billing for attorney fees of approximately $9,500 for representing the Town in the two collection actions constituted a clearly excessive fee, in violation of SCR 20.12(1). The referee rejected the Board's contentions that Attorney Brown's letter to Mr. Kamps informing him that he was advising the board not to provide further municipal services

without consulting with counsel and his filing notices of intent to file lien claims did not constitute conduct serving merely to harass or maliciously injure a person, proscribed by SCR 20.36(1)(a). The referee also concluded that there was no conflict of interest by virtue of Attorney Brown's having represented the Town board after his former partner had represented a person in a substantially similar matter or as a result of Attorney Brown's representation of the clerk in the removal proceeding without the informed consent of the board.

Attorney Brown contended that the referee erred in concluding that he had engaged in unprofessional conduct by refusing to withdraw as special counsel to the board. He argued that his opposition to withdrawal was based on the fact that the Town's attorney had previously acknowledged a conflict of interest in representing the board generally and, at the same time, representing it in an action against its chairman. Attorney Brown contended that the conflict continued even after the board had decided to accept the settlement initially proposed by Mr. Kamps prior to Attorney Brown's having been retained, and he again asserted what he considered his paramount duty to refrain from abetting unethical conduct by another attorney and to disclose the Town attorney's conflict of interest. Attorney Brown also argued that the board's vote to discharge him as attorney was illegal, as it was made at a meeting whose agenda did not list the subject of his discharge.

Both the trial court and the referee concluded that Attorney Brown's arguments in support of his refusal to withdraw as special counsel were without merit. We agree. The court in which the collection actions were pending rejected Attorney Brown's argument that his

discharge violated the open meetings law and that the substitution of counsel would involve a conflict of interest. Further, the court quashed subpoenas Attorney Brown had served on two members of the board and the Town's attorney seeking a hearing on his allegations of a violation of the open meetings law. Attorney Brown then sought a writ of mandamus from the court of appeals directing the circuit court to hold a hearing, and the request was denied. In addition, one of the Town board members asked the district attorney to pursue an open meetings complaint, but the district attorney refused.

With respect to the alleged conflict of interest, the Board argued that the Town board decided to accept the settlement offer previously made by Mr. Kamps and directed its attorney to do whatever was necessary to accomplish that. Consequently, the Board contended, the Town's own attorney had no conflict of interest in the matter. Even if he did, the Board went on to argue, that fact would not have justified Attorney Brown's refusal to withdraw from representing the board.

Attorney Brown's next argument was that the referee erred in concluding that he charged the Town a clearly excessive fee. Apparently because the referee included in his findings of fact that Attorney Brown's billings set forth items for secretarial and legal assistant services, Attorney Brown took the position that this was the basis on which the referee reached the conclusion that his fee was excessive. Accordingly, he attempted to place on the record by way of his reply brief and supplemental appendix a copy of an order and judgment of the circuit court for Waukesha county ordering payment of his services and disbursements in his representation of a divorce client, which services included separate billings

for legal assistant and secretarial services. The Board of Attorneys Professional Responsibility moved to strike that portion of the reply brief, and we deny that motion.

The fee dispute between Attorney Brown and the Town board was ultimately submitted to and approved by a fee arbitration committee of the State Bar of Wisconsin. The dispute was settled by Attorney Brown's reducing his bill by approximately $2,500, and the compromise was reduced to judgment in the circuit court fee dispute. From this Attorney Brown argued that, as a matter of law, his fees were reasonable and the determination thereon by the circuit court was *res judicata*. In addition, Attorney Brown argued that the services he was requested to and did perform in representing the Town went beyond the two collection matters he was retained to pursue against the chairman. He also claimed there was an agreement by the board in executive session to his charging a $75 hourly rate for his services and a lesser amount for legal assistant and secretarial services.

In opposition to Attorney Brown's argument, the Board contended that his fees were excessive for several reasons: Attorney Brown did not obtain the board's consent to pay for secretarial and legal assistant services as a separate charge—the Town supervisors who testified at the disciplinary hearing stated that Attorney Brown had told the board merely that his fee for services would be at a $75-per-hour rate; there was nothing unusually difficult about the legal or factual questions in the collection matters to justify a fee of approximately $9,500 to pursue claims valued at $2,700, especially when those claims were never tried; Attorney Brown's bill included approximately $2,000 for time spent opposing his discharge as attorney for the Town; the bill included

charges for services regarding the attempted removal of the Town chairman, services to the clerk in her individual capacity, services in response to a John Doe inquiry into alleged alteration of board meeting minutes, and a liquor license matter. In response to Attorney Brown's argument that the compromise on his fee was *res judicata* on the issue of the excessiveness of that fee, the Board argued that the compromise is not binding in this proceeding, as the ethical issue of an excessive fee was not before either the fee arbitration committee or the court which ultimately approved the compromise, and the board was not a party to the action concerning the fee dispute. The Board argued that, on the basis of the legal matters the Town board expressly retained Attorney Brown to pursue and for which it agreed to pay, as well as the work he performed and the results obtained, his charges substantially exceeded the bounds of reasonableness.

■ We determine that the referee's findings of fact with respect to the fee issue were not clearly erroneous and that the conclusion based thereon was proper.

In its cross-appeal, the Board contested two of the referee's conclusions: (1) that Attorney Brown's having told Mr. Kamps and advised the Town that it should not furnish any services to him or his development company without first consulting with counsel and his serving notices of intent to file lien claims were not intended merely to harass or maliciously injure Mr. Kamps, in violation of SCR 20.36(1)(a); (2) that Attorney Brown's representing the Town clerk in the removal proceeding against the chairman and seeking to compel the Town to pay his fees for that representation, after the Town had failed to pursue the matter, did not constitute a

conflict of interest, in violation of SCR 20.28(1) and (4). The Board also took the position that the public reprimand recommended by the referee as discipline in this matter is insufficient, arguing that Attorney Brown's license to practice law should be suspended for a period of 90 days.

With respect to the first of these conclusions, the referee expressed his opinion that Attorney Brown used poor judgment in the way he handled the Town's dispute with Mr. Kamps and concluded that the exercise of poor judgment did not give rise to a violation of the ethical rules. Also, the referee acknowledged that the question whether the engineering and legal fees were lienable was open to argument and presented a legal question which ought not be resolved in the context of a disciplinary proceeding. On the conflict of interest issue, the referee stated that he was unable to conclude from the facts and circumstances that there was any conflict of interest involved in Attorney Brown's representing the clerk in the removal proceeding after the board failed to seek removal.

Neither the parties nor the record have established that the referee's findings of fact are clearly erroneous. Accordingly, we adopt those findings, as well as the referee's conclusions of law based on those findings with respect to Attorney Brown's violation of the rules of attorney ethics, SCR chapter 20, including those conclusions that Attorney Brown did not engage in unprofessional conduct as the Board had alleged.

We turn now to Attorney Brown's contentions that the court never obtained jurisdiction in this disciplinary proceeding and that the manner in which the proceeding

14

was conducted deprived him of his constitutional rights. Attorney Brown argued that the court never obtained personal jurisdiction over him for the reason that the order to answer filed with the complaint and served upon him directed him to serve an answer on Board counsel within 20 days, while the court's rule, SCR 22.12, requires a respondent attorney to *file* an answer within 20 days. It is clear that Attorney Brown was not prejudiced by the order to answer, for he timely filed an answer with the court. Moreover, the court's rules, knowledge of which is chargeable to every attorney licensed to practice in the state, specifically provides that an answer to a disciplinary complaint be filed with the court.

Accordingly, we reject the jurisdictional argument. Attorney Brown raised the same jurisdictional issue in a motion to dismiss the disciplinary proceeding he filed after all briefs in the appeal and cross-appeal had been filed. That motion is hereby denied.

We also reject Attorney Brown's arguments that he was deprived of due process and equal protection for the reason that the initial investigation of the Board's allegations of unprofessional conduct was conducted by a district professional responsibility committee other than the one in the district in which he practiced. Attorney Brown further contended that he was deprived of a full, fair and impartial hearing in this matter on the basis of the following: counsel for the Board furnished the referee with a trial brief three days before the disciplinary hearing without first having served a copy of that brief on Attorney Brown; Board counsel and the referee refused his requests that they investigate his allegations concerning unprofessional conduct by pro-

posed successor attorneys in the personal injury matter and in the matter concerning the Town of Genesee. In rejecting these arguments, we note only that, at the conclusion of the disciplinary hearing, the referee directed Board counsel to supply a copy of its trial brief to Attorney Brown and that Attorney Brown filed a responsive brief with the referee.

Having adopted the referee's findings of fact and conclusions of law, there remains the determination of what constitutes appropriate discipline for Attorney Brown's misconduct. With respect to his refusals to withdraw from representation of two clients upon discharge, compounded by his persistence in refusing to obey the orders of the circuit court to withdraw in the personal injury action, Attorney Brown's conduct demonstrates his willingness to place his own interests above his professional duty to his clients and to the courts. His refusals to withdraw presumably caused his personal injury client to incur substantial costs, in terms of time and expense, in obtaining successor counsel. Moreover, Attorney Brown's attempts to defend his actions in refusing to withdraw suggest that he is unwilling to accept the ethical responsibilities placed upon him as an attorney. Such conduct, coupled with his having charged an excessive fee in his representation of the Town of Genesee, warrants a suspension of his license to practice law, not only as appropriate discipline for the misconduct itself, but also to impress upon him the seriousness of that conduct and his need to recognize his professional responsibilities to court and client. We determine that a suspension of his license to practice law for a period of 90 days is sufficient to accomplish these purposes.

IT IS ORDERED that the license of Patrick F. Brown to practice law in Wisconsin is suspended for a period of 90 days, commencing January 19, 1987.

IT IS FURTHER ORDERED that within 120 days of the date of this order Patrick F. Brown pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Patrick F. Brown to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Patrick F. Brown comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that the motion of Patrick F. Brown for oral argument in this proceeding, his motion to dismiss this proceeding on jurisdictional grounds and the motion of the Board of Attorneys Professional Responsibility to strike the order of the circuit court for Waukesha county from the reply brief are denied without costs.